IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| PRM KAUAI, LLC and PETER R. MORRIS,<br><br>           Plaintiffs,<br><br>   vs.<br><br>JAMES GIBSON and BANCENTRE CORP.,<br><br>           Defendants. | CIVIL NO. 14-00164 DKW-KSC<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR CLARIFICATION AND/OR MODIFICATION OF THE COURT'S JULY 23, 2015 ORDER** |

**ORDER DENYING PLAINTIFFS' MOTION FOR CLARIFICATION AND/OR MODIFICATION OF THE COURT'S JULY 23, 2015 ORDER**

On July 23, 2015, this Court issued an Order Granting in Part and Denying in Part Defendants' Motion For Judgment on the Pleadings ("July 23, 2015 Order"). Dkt. No. 92. Before the Court is Plaintiffs' Motion for Clarification and/or Modification of the Court's July 23, 2015 Order ("Motion for Clarification"). Dkt. No. 95. Because it is readily apparent that both parties understand the Court's July 23, 2015 Order, Plaintiffs' Motion for Clarification is DENIED.

## BACKGROUND

Plaintiffs PRM Kauai, LLC, individually and on behalf of Kauai Beach Villas—Phase II, LLC ("KBV II"), and Peter R. Morris filed an Amended Complaint seeking to void a loan made by Defendant Bancentre to KBV II that was personally guaranteed by Morris and that Plaintiffs claim was procured by Defendants' fraud. Dkt. No. 31. Defendants filed a Motion for Judgment on the Pleadings or, Alternatively, to Dismiss For Lack of Subject Matter Jurisdiction and Failure to Join. Dkt. No. 51.

In its July 23, 2015 Order, the Court held that "as to the claims purportedly brought by KBV II, and by PRM Kauai on behalf of KBV II, . . . the Court lacks jurisdiction to adjudicate those claims . . . " Dkt. No. 92 at 2. The Court explained that "PRM Kauai's authority to bring claims on behalf of KBV II must first be resolved pursuant to a prescribed alternative dispute resolution process." Dkt. No. 92 at 2. The Court then went on to state several times in the Order that it lacks jurisdiction over KBV II's claims. Dkt. No. 92 at 10-11.

Thereafter, on July 31, 2015, Plaintiffs filed a Motion for Clarification and/or Modification of the Court's July 23, 2015 Order. Dkt. No. 95. Plaintiffs claim that "this Court should clarify that dismissal of [KBV II] as a plaintiff from this lawsuit is based on FRCP 12(b)(1), without prejudice, and not on the merits." Dkt. No. 95-1 at 3.

Per the parties' request, the Court stayed disposition of the Motion for Clarification while the parties engaged in settlement discussions. On November 2, 2015, the parties informed the Court that they were unable to reach a settlement, resulting in the Court lifting the stay. Dkt. No. 103.

On November 17, 2015, Defendants filed an opposition to Plaintiffs' Motion for Clarification, asserting that "there is nothing in the Court's Order indicative of 'a mistake arising from oversight or omission[.]'" Dkt. No. 108 at 5 (citing Fed.R.Civ.P. 60(a)). On December 1, 2015, Plaintiffs filed their reply. Dkt. No. 112.

## **DISCUSSION**

Plaintiffs request that this Court issue an order pursuant to Federal Rule of Civil Procedure 60(a) clarifying its July 23, 2015 Order. Dkt. No. 95. In their Motion for Clarification, Plaintiffs contend that the July 23, 2015 Order is "ambiguous as to whether KBV II's claims are dismissed from this action without prejudice and was based on Rule 12(b)(1) of the Federal Rules of Civil Procedure thereby demonstrating a need for clarification." Dkt. No. 95 at 2. Despite requesting clarification, Plaintiffs state in their Motion that "[i]t is clear from the Order's language that the Court did not intend to reach the merits of KBV II's claims or prevent KBV II from re-asserting its claims after the dispute between Pahio Marketing, Inc. and PRM Kauai, LLC is resolved under the alternative

dispute resolution process prescribed under the Operating Agreement." Dkt. No. 95-1 at 5.

Federal Rule of Civil Procedure 60(a) permits a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Having reviewed the Motion for Clarification, together with the July 23, 2015 Order, the Court finds it unnecessary to clarify or modify its July 23, 2015 Order. As the briefing on Plaintiffs' Motion for Clarification reflects, there is no lack of awareness or clarity regarding the parties' understanding of the Court's July 23, 2015 Order.

## CONCLUSION

Plaintiffs' Motion for Clarification (Dkt. No. 95) is DENIED.

IT IS SO ORDERED.

DATED: December 23, 2015 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

PRM Kauai, LLC, et al. v. Gibson; CV 14-00164 DKW-KSC; ORDER DENYING PLAINTIFFS' MOTION FOR CLARIFICATION AND/OR MODIFICATION OF THE COURT'S JULY 23, 2015 ORDER