IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| PRM KAUAI, LLC and PETER R. MORRIS,<br><br>          Plaintiffs,<br><br>    vs.<br><br><br>JAMES GIBSON and BANCENTRE CORP.,<br><br>          Defendants.<br><br>  and<br><br>PAHIO MARKETING, INC.,<br><br>          Intervenor/Defendant. | CIVIL NO. 14-00164 DKW-KSC<br><br>**ORDER GRANTING MOTION TO DISMISS AND DENYING AS MOOT MOTION FOR SUMMARY JUDGMENT** |

## ORDER GRANTING MOTION TO DISMISS AND DENYING AS MOOT MOTION FOR SUMMARY JUDGMENT

The parties agree that diversity and federal question jurisdiction, the most common bases cited for subject matter jurisdiction before this Court, do not exist in this case.  *See* 28 U.S.C. §§ 1331-1332.  Plaintiffs rely instead solely on 28 U.S.C. § 1334(b), asserting that this matter is "related to" bankruptcy proceedings

initiated by Plaintiff Morris and by PRM Realty Group, an entity controlled by Morris, in federal bankruptcy court in the Northern District of Texas.

Because Plaintiffs' "related to" contentions have been foreclosed by the Ninth Circuit in *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1194 (9th Cir. 2005), leaving this Court without a jurisdictional basis to proceed, the Court GRANTS Pahio Marketing, Inc.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. No. 141).  Defendants' Motion for Summary Judgment (Dkt. No. 130) is DENIED AS MOOT.[1]

## BACKGROUND

The factual background underlying this case was laid out in detail in this Court's July 23, 2015 Order (Dkt. No. 92) and need not be recounted here in full. Rather, the Court will summarize the factual and procedural background relevant to the threshold jurisdictional issue.

## I.      Underlying Loan Transaction

In June 2002, PRM Kauai and Pahio formed KBV II for the purpose of developing the Kauai Beach Villas timeshare project on a 33-acre parcel on Kauai. FAC ¶¶ 14, 17.  To facilitate the development, on or about December 12, 2005, Bancentre loaned KBV II $4.2 million, which was personally guaranteed by Morris.  *Id.* ¶¶ 33, 35, 50-51.  KBV II subsequently defaulted on the loan.  Dkt.

---

[1] Because the Court lacks jurisdiction, it expresses no opinion on the merits of the Motion for Summary Judgment.

No. 51-1 at 11.  Preempting a potential foreclosure action, Morris and PRM Realty Group, LLC ("PRM Realty"), PRM Kauai's parent, filed petitions for relief under the bankruptcy code.  Dkt. No. 51-1 at 11.

## II.    **Bankruptcy Proceedings**

Specifically, in January 2010, both Morris and PRM Realty filed petitions for bankruptcy in the Northern District of Texas.  *See In re Peter Morris*, No. 10-30240-HDH-11 (Bankr. N.D. Tex.) ("Morris Bankruptcy Action") and *In re PRM Realty Group, LLC*, No. 10-30241-HDH-11 (Bankr. N.D. Tex.) ("PRM Realty Bankruptcy Action").

On February 20, 2013, in the bankruptcy proceeding, PRM Realty and Morris filed their Second Amended Joint Plan of Reorganization (the "Plan").  *See* Dkt. No. 138-6.  Section 6.2 of the Plan concerns PRM Realty's Plan Assets.  *Id.* at 15.  Section 6.2(d) provides:

> PRM Realty will assist in the sale, refinancing and/or development of the Kauai Beach Villas Property and provide funding for PRM Kauai's share of the carrying costs of the Kauai Beach Villas Property.  Following payment of its share of the first lien mortgage and other secured creditors, revenues received by PRM Realty pursuant to its ownership in PRM Kauai will be contributed to the Plan as Plan Funds.

*Id.* at 15-16.

On February 21, 2013, the Bankruptcy Court entered its Findings of Fact, Conclusions of Law and Order under 11 U.S.C. § 1129 Confirming Debtors'

Second Amended Joint Plan of Reorganization ("Order Confirming Plan").  *See*

Dkt. No. 138-7.

## III.   District Court Proceedings (The Instant Litigation)

On April 4, 2014, Plaintiff PRM Kauai, individually and purportedly on

behalf of KBV II, instituted this lawsuit, alleging various state law claims

concerning the 2005 loan transaction between Bancentre and KBV II.  PRM Kauai

essentially seeks to void the loan based on allegations of fraud by Defendants.

Thereafter, on December 5, 2014, PRM Kauai filed a First Amended Complaint,

adding Morris and KBV II as Plaintiffs.  Dkt. No. 31.

On July 23, 2015, this Court filed its Order Granting in Part and Denying in

Part Defendants' Motion for Judgment on the Pleadings.  Dkt. No. 92.  Because the

Court determined that it lacked jurisdiction to adjudicate the claims brought by

KBV II, and by PRM Kauai on behalf of KBV II, the Court dismissed KBV II as a

Plaintiff from the lawsuit.  *Id.* at 2.

On December 22, 2015, the Magistrate Judge filed an Order Granting Pahio

Marketing, Inc.'s Motion to Intervene, thereby joining Pahio as a Defendant in this

action.  Dkt. No. 128.

## IV.   Post-Confirmation Bankruptcy Proceedings

Shortly after PRM Kauai initiated this lawsuit in April 2014, Bancentre filed

a Motion for Relief from the Automatic Stay ("Motion for Relief From Stay") in

the Bankruptcy Court.  *See* Dkt. No. 138-8.  On May 21, 2014, the Bankruptcy

Court entered the Agreed Order Abating BANCentre Corp's Motion for Relief

from the Automatic Stay and Extending the Deadline for the Court to Hear and

Rule on BANCenter's [sic] Motion ("Abatement Order").  *See* Dkt. No. 160-8.  In

its Abatement Order, the Bankruptcy Court recognized in the perambulatory

paragraph:

> The property that is the subject of Bancentre's Motion located
> in Hawaii and described in the Debtors' Second Amended Joint
> Plan of Reorganization ("*Plan*") as the "*Kauai Beach Villas
> Property*" (herein, the "*Property*") is the subject of litigation
> pending in the United States District Court for the District of
> Hawaii numbered and styled as Case 1:14 cv 00164; *PRM
> Kauai, LLC, individually and on behalf of Kauai Beach Villas—
> Phase II, LLC, Plaintiffs, vs. James Gibson and Bancentre,
> Corp, Defendants,* (the "*Hawaii Litigation*").  Among other
> things, the Hawaii Litigation seeks a judgment that the loan
> documents between KBV II and Bancentre be declared void
> and unenforceable.

*Id.*

The Bankruptcy Court ordered, among other things, that except as set forth

in the Abatement Order, the automatic stay would continue in full force and effect

as to the Property, PRM Realty, Morris and Bancentre; and that Bancentre's

Motion is abated until a final, non-appealable judgment, or final, non-appealable

order is entered dismissing the Hawaii Litigation.  *Id.*

On March 9, 2016, Pahio filed Amended Motions to Confirm Stay Does Not

Apply, Alternatively, For Relief From Stay in the Morris Bankruptcy Action (Dkt.

5

No. 160-2) and the PRM Realty Bankruptcy Action (Dkt. No. 160-4).  Pahio's

motions seek relief similar to that sought in Bancentre's Motion for Relief From

Stay.

Morris and PRM Realty opposed both of Pahio's motions.  Pahio's motions

are set for hearing before the Bankruptcy Court in June 2016.

## STANDARD OF REVIEW

Pahio brings its Motion to Dismiss pursuant to Federal Rule of Civil

Procedure 12(b)(1).  Rule 12(b)(1) authorizes a district court to dismiss an action

for lack of subject matter jurisdiction. "[T] he party asserting subject matter

jurisdiction has the burden of proving its existence." *Robinson v. United States*,

586 F.3d 683, 685 (9th Cir. 2009).  The Court may consider evidence outside the

pleadings and should not presume that the allegations of the complaint are true.

*White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000); *McCarthy v. United States*, 850

F.2d 558, 560 (9th Cir. 1988).

## DISCUSSION

Plaintiffs initiated this action based on diversity jurisdiction under 28 U.S.C.

§ 1332 and bankruptcy jurisdiction under 28 U.S.C. § 1334(b).  *See* FAC ¶¶ 9-11.

Because the parties and the Court are in agreement that diversity jurisdiction no

longer exists,[2] the issue before the Court is the validity of Plaintiffs' alternate basis for jurisdiction, 28 U.S.C. § 1334(b).

Title 11 of the United States Code governs bankruptcy law.  Section 1334(b) of Title 28 grants district courts jurisdiction over three types of proceedings: (1) cases "arising under" Title 11, (2) cases "arising in" Title 11, and (3) cases "related to" those brought under Title 11.  28 U.S.C. § 1334(b) (providing that each district court has "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11").  Plaintiffs assert "[t]his court…has original jurisdiction pursuant to 28 U.S.C. § 1334(b), as this is a civil proceeding related to *In re PRM Realty Group, LLC*, No. 10-30241-HDH-11 (Bankr. N.D. Tex.), and *In re Peter R. Morris*, No. 10-30240-HDH-11 (Bankr. N.D. Tex.)[.]"  FAC ¶ 11.

In *In re Pegasus Gold Corporation*, the Ninth Circuit acknowledged that post-confirmation "related to" jurisdiction under 28 U.S.C. § 1334 is "necessarily more limited than pre-confirmation jurisdiction[.]"  *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1194 (9th Cir. 2005).  In doing so, the Ninth Circuit adopted the Third Circuit's "close nexus" test, which requires courts to determine whether "there is a close nexus to the bankruptcy plan or proceeding."  *Id.*  The Ninth Circuit also

---

[2] As Plaintiffs concede, "Pahio's addition to this lawsuit as an Intervenor-Defendant has destroyed diversity amongst the parties" because PRM Kauai and Pahio are both citizens of Hawaii for purposes of diversity jurisdiction.  Dkt. No. 153 at 2.  As such, there is no longer complete diversity among the parties.  *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

offered more specific guidance, holding that "matters affecting the 'interpretation, implementation, consummation, execution, or administration of the confirmed plan will typically have the requisite close nexus.'" *Id.* (quoting *Binder v. Price Waterhouse & Co. (In re Resorts Int'l, Inc.)*, 372 F.3d 154, 166-67 (3d Cir. 2004)). Notwithstanding this formulation, the Ninth Circuit also advised:

> We specifically note that in reaching this decision, we are not persuaded by the Appellees' argument that jurisdiction lies because the action could conceivably increase the recovery to the creditors. As the other circuits have noted, such a rationale could endlessly stretch a bankruptcy court's jurisdiction.

*Id.* at 1194 n.1 (citations omitted).

In the instant case, Plaintiffs argue that the Kauai property at issue here is expressly part of the bankruptcy proceedings and the Debtors' approved Plan, and that the outcome of this lawsuit could have "a direct and substantial impact on Morris' bankruptcy estate[.]" Dkt. No. 153 at 9; *see also* Dkt. No. 163 at 10-12. Plaintiffs expounded on this contention at oral argument, explaining that "[i]f the loan is declared invalid, as one of our request for relief called for, then the beneficiary of that ruling in the United States District Court for the District of Hawaii is the creditors in the Dallas bankruptcy proceedings who get the benefit of that ruling." Dkt. No. 163 at 12-13. The Ninth Circuit, however, foreclosed this very argument in *Pegasus Gold*. *See id.* at 1194 n.1 (rejecting "argument that jurisdiction lies because the action could conceivably increase the recovery to the

creditors"). As such, even if the Court were to agree that the property at issue is part of the Plan, and that the creditors would benefit if the subject loan were declared invalid through the instant litigation, the Court is constrained by Ninth Circuit precedent. According to the Ninth Circuit's interpretation of the close nexus test, the possibility of increased recovery to creditors, without more, is insufficient to confer post-confirmation, "related to" jurisdiction under 28 U.S.C. §1334(b). *See id.* Accordingly, the Court concludes that it lacks jurisdiction under 28 U.S.C. § 1334.

This conclusion is further supported by the Ninth Circuit's decision in *In re Ray*, 624 F.3d 1124 (9th Cir. 2010). There, the court examined whether "a bankruptcy court retains jurisdiction over a collateral attack—based on a state breach of contract theory—on its previous sale order, having already approved a Chapter 11 Plan[.]" *Ray*, 624 F.3d at 1127. The Ninth Circuit observed that "this breach of contract action [] could have existed entirely apart from the bankruptcy proceeding and did not necessarily depend upon resolution of a substantial question of bankruptcy law." *Id.* at 1135. As such, the Ninth Circuit held that no "close nexus" existed to justify "related to" jurisdiction. Similar to the claims in *Ray*, the state law claims here could have "existed entirely apart from the bankruptcy proceeding[,]" and they do not require an answer to a substantial question of bankruptcy law. *Id.* Indeed, the claims in the instant case involve

9

conduct that occurred prior to the Texas bankruptcy proceedings, and their only nexus to those proceedings is the possibility that their resolution may affect the amounts ultimately distributed under the Plan.

In light of the Ninth Circuit's decisions in *Pegasus Gold* and *Ray*, the Court agrees with Pahio and Defendants that it does not have jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1334(b).[3]  Lacking any other basis for subject matter jurisdiction, this matter must therefore be dismissed.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Pahio's Motion to Dismiss.  Defendants' Motion for Summary Judgment is DENIED AS MOOT. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

DATED:  May 18, 2016 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

PRM Kauai, LLC, et al. v. Gibson; CV 14-00164 DKW-KSC; ORDER GRANTING MOTION TO DISMISS AND DENYING AS MOOT MOTION FOR SUMMARY JUDGMENT

---

[3]At oral argument, Plaintiffs asked this Court to defer ruling until the Bankruptcy Court acts on Pahio's pending motions for relief from the automatic stay.  Dkt. No. 163 at 10.  The Court, however, agrees with Defendants that even if the Bankruptcy Court denied Pahio's motions, the Court would still lack jurisdiction under 28 U.S.C. § 1334(b) in light of *Pegasus Gold* and *Ray*. There is thus no reason to delay.