IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PRM KAUAI, LLC; PETER R. MORRIS, <br><br> Plaintiffs, <br><br> vs. <br><br> JAMES GIBSON; BANCENTRE CORP., <br><br> Defendants, <br><br> and <br><br> PAHIO MARKETING, INC., <br><br> Intervenor. | CIVIL NO. 14-00164 DKW-KSC <br><br> FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS PRM KAUAI, LLC AND PETER R. MORRIS' OBJECTIONS TO DEFENDANT JAMES GIBSON AND BANCENTRE CORP.'S BILL OF COSTS, FILED JUNE 1, 2016 |

FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS
PRM KAUAI, LLC AND PETER R. MORRIS' OBJECTIONS
TO DEFENDANT JAMES GIBSON AND BANCENTRE CORP.'S
<u>BILL OF COSTS, FILED JUNE 1, 2016</u>

Before the Court is Plaintiffs PRM Kauai, LLC and Peter R. Morris' Objections to Defendants James Gibson and Bancentre Corp.'s Bill of Costs, Filed June 1, 2016 ("Objections"), filed June 9, 2016.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice for the U.S. District Court for the District of Hawaii ("Local Rules").

Defendants James Gibson and Bancentre Corp. ("Defendants") submitted a Bill of Costs ("BOC"), arguing that they are entitled to $1,027.89 in costs as the prevailing party in this action. Plaintiffs object on the grounds that Defendants are not the prevailing party.

Federal Rule of Civil Procedure ("FRCP") 54(d)(1) provides: "Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Fed. R. Civ. P. 54. "[C]osts under Rule 54(d) may not be awarded where an underlying claim is dismissed for lack of subject matter jurisdiction, for in that case the dismissed party is not a 'prevailing party' within the meaning of Rule 54(d)." Miles v. California, 320 F.3d 986, 988 (9th Cir. 2003). When a dismissal is for lack of jurisdiction, 28 U.S.C. § 1919 governs the award of costs. Id. Section "1919[1] is permissive, allows the

---

[1] Section 1919 provides: "Whenever any action or suit is dismissed in any district court, the Court of

district court to award 'just costs,' and does not turn on which party is the 'prevailing party.'" Id. at 988 n.2.

To determine "just costs" under § 1919, courts "should consider what is most fair and equitable under the totality of circumstances." Otay Land Co. v. United Enters. Ltd., 672 F.3d 1152, 1157 (9th Cir. 2012). Application of this standard involves a two-step analysis: "whether an award of costs is just and equitable and, if so, the appropriate amount of costs." Id. Factors that may be considered in a court's analysis include exigent circumstances, the strength of the plaintiff's jurisdictional claim, and pending parallel litigation in state court. Id. at 1158-59.

Insofar as this action was dismissed for lack of subject matter jurisdiction, Doc. No. 164, Defendants are not the prevailing party within the meaning of FRCP 54(d). Neither are Defendants entitled

---

International Trade, or the Court of Federal Claims for want of jurisdiction, such court may order the payment of just costs." 28 U.S.C. § 1919.

to costs pursuant to § 1919.  Under the totality of circumstances, an award of costs would not be fair or equitable.[2]  Although Defendants ultimately prevailed on their motion to dismiss for lack of subject matter jurisdiction, diversity jurisdiction existed from the commencement of this litigation[3] until Intervenor

---

[2]  Even if this Court concluded that an award of costs would be fair and equitable, significant reductions would be made.  Defendants failed to comply with many of the requirements set forth in Local Rule 54.2, and these deficiencies would limit recovery and/or preclude the Court from ascertaining whether the costs were reasonably incurred.  For example, Defendants failed to provide an affidavit "describing the documents copied, the number of pages copied . . . and the use or intended purpose for the items copied."  Local Rule 54.2(f)(4).  Counsel merely represented that "photocopying charges were incurred in generating copies necessary in connection with filing various Motions and other pleadings, including making copies of exhibits and other supporting materials, and providing necessary courtesy copies of certain pleadings to the Court pursuant to the applicable court rules."  Doc. No. 174, Ex. at ¶ 5.  Although counsel explained that the copying charges represent 787 black and white pages at $0.20/page and 1 color page at $1.25/page, he did not break down this information by document.  Id.  Moreover, Defendants seek reimbursement at a rate of $0.20/page, but the Local Rules only allow recovery of copies at $0.15/page.

[3]  Plaintiffs presented two bases for jurisdiction: 28 U.S.C. § 1332(a)(1) and § 1334(b).  Doc. No. 1 at ¶¶ 9-11; see also Doc. No. 31 at ¶¶ 9-11.

Defendant Pahio Marketing, Inc. was added as a party on December 22, 2015. Doc. No. 128.

The district court's determination that it did not have jurisdiction over Plaintiffs' state law claims under § 1334(b), after Pahio's addition destroyed diversity jurisdiction, does not support an award of costs. This is particularly so given that nearly all of the requested costs were incurred while diversity jurisdiction still existed. For these reasons, the Court recommends that Plaintiffs' Objections be GRANTED, and that Defendants' request for costs be DENIED.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, June 27, 2016.



_____
Kevin S.C. Chang
United States Magistrate Judge

CV 14-00164 DKW-KSC; <u>PRM KAUAI, ET AL. V. GIBSON, ET AL.</u>; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS PRM KAUAI, LLC AND PETER R. MORRIS' OBJECTIONS TO DEFENDANT JAMES GIBSON AND BANCENTRE CORP.'S BILL OF COSTS, FILED JUNE 1, 2016